Filed 10/11/22  P. v. Jones CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JERRELL DOUGLAS JONES et al.,<br><br>    Defendants and Appellants. | B312925<br>(c/w B313039, B313212)<br><br>(Los Angeles County<br>Super. Ct. No. NA038648) |

APPEAL from orders of the Superior Court of Los Angeles County.  Laura L. Laesecke, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant Jerrell Douglas Jones.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant Roderick Tushawn Lipsey.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant James Williams Matthews.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2001, defendants and appellants Jerrell Douglas Jones (Jones), Roderick Tushawn Lipsey (Lipsey), and James Williams Matthews (Matthews) were convicted by a jury of first degree murder (Pen. Code, § 187, subd. (a)),[1] with findings that the murder was committed during the course of a robbery (§ 190.2, subd. (a)(17)), a principal was armed (§ 12022, subd. (a)(1)), and Jones and Lipsey personally used a handgun (§§ 12022.5, subd. (a)(1) & 12022.53, subd. (b)); eight counts of second degree robbery (§ 211), with findings that a principal was armed and Jones and Lipsey personally used a handgun; one count of attempted second degree robbery (§§ 664/211), with findings that a principal was armed and Jones and Lipsey personally used a handgun; and three counts of assault with a firearm (§ 245, subd. (a)(2)), with findings that a principal was armed and Jones and Lipsey were "'armed'" with a handgun (§ 12022.5, subd. (a)(1)). (*People v. Matthews* (Apr. 23, 2003, B149957) [nonpub. opn.], at pp. 15–16.) Jones was also convicted of two counts of forcible rape (§ 261, subd. (a)(2)), one count of forcible oral copulation (§ 261, subd. (a)(2)), and one count of sexual battery by restraint

_____

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

(§ 243.4, subd. (a)), all with findings that a principal was armed and Jones personally used a handgun. (*People v. Matthews*, *supra*, B149957, at p. 10.) They were sentenced to life in state prison without the possibility of parole. (*Id*. at pp. 2, 10.)

Defendants appealed, and on April 23, 2003, we affirmed the judgments as modified. (*People v. Matthews*, *supra*, B149957, at p. 30.)

In January 2019, Matthews and Jones filed separate petitions for resentencing pursuant to former section 1170.95.[2] Two months later, Lipsey filed his petition for resentencing.

On May 24, 2021, the trial court denied all three petitions for resentencing. Each defendant appealed, arguing that the trial court erred in finding that he did not make a prima facie showing of eligibility for resentencing relief. In a letter brief filed August 24, 2022, the People concede that pursuant to *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), the orders must be reversed and the matter remanded.

We agree with the parties and reverse the trial court's orders denying each defendant's petition for resentencing and remand the matter for the trial court to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

## FACTUAL BACKGROUND

On December 13, 1998, defendants arrived at a restaurant parking lot together in a car and "crawled" to the restaurant entrance to avoid being seen. (*People v. Matthews*, *supra*, B149957, at pp. 2, 4.) They entered the restaurant wearing dark

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

clothes and ski masks. (*Id*. at p. 2.) Lipsey and Jones were armed with firearms. (*Id*. at pp. 2–3.) "With gun in hand," Lipsey forced Flor A. and her boyfriend, Rafael Renderos (Renderos),to the floor. (*Id*. at p. 2.) All three defendants then began to rob each of the customers and tried to force the three employees to reveal the combination to the safe. (*Id*. at pp. 3–6.) During the robbery, Lipsey brought Renderos and Flor A. at gunpoint to the kitchen to serve as translator for the cook, Galindo Venegas (Venegas), and declared that if anyone refused to give the combination to the safe, they would have their fingers cut or be killed. (*Id*. at p. 3.) Thereafter, Jones raped Flor A. at gunpoint. (*Id*. at p. 4.)

Meanwhile, Matthews physically attacked another customer in the dining area, striking him with a gun. (*People v. Matthews*, *supra*, B149957, at p. 4.) On two occasions, new customers walked in and were quickly subdued with physical force and/or threat of force. (*Id*. at p. 5.) Defendants eventually left the restaurant. (*Id*. at p. 6.)

Venegas was thereafter found severely beaten and with his throat cut. The autopsy revealed that Venegas died from both blunt force injuries to his head and the injury to his throat. (*People v. Matthews*, *supra*, B149957, at p. 6.)

Jones was arrested two days later, and he admitted that he, Lipsey, and Matthews committed the robbery and that during the robbery, he was armed with a .44 magnum and one of the other robbers had a .38 revolver. (*People v. Matthews*, *supra*, B149957, at p. 4.) Also, Jones admitted to raping a woman, but identified Matthews as the killer. (*Id*. at pp. 4–5.)

After Lipsey's arrest, he admitted that he had "'cased the joint'" and committed the robberies. (*People v. Matthews*, *supra*,

4

B149957, at p. 7.)  He denied using a firearm and denied being the killer.  (*Ibid*.)  He admitted to witnessing the rape.  (*Ibid*.)

Defendants were jointly tried.  (*People v. Matthews*, *supra*, B149957, at p. 9.)  They were all convicted of first degree murder with robbery-murder special circumstances.  Jones and Lipsey were also found to have personally used a handgun.

## PROCEDURAL BACKGROUND

On January 11, 2019, Matthews filed his petition for resentencing.  On January 31, 2019, Jones filed his petition for resentencing.  And, on March 25, 2019, Lipsey filed his petition for resentencing.  Each defendant alleged that he was convicted of first degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine and that he could not now be convicted of first degree murder because of changes made to sections 188 and 189.[3]

Counsel was appointed for all three defendants.

The People opposed the petitions.

After entertaining oral argument, the trial court denied all three petitions, finding that defendants failed to present a prima facie case of eligibility for resentencing relief.  The trial court was convinced, based upon the entirety of the evidence and beyond a reasonable doubt, that both Lipsey and Jones could be convicted of murder either under a straight aiding and abetting theory or as major participants who acted with reckless disregard for life.  While the trial court was not convinced beyond a reasonable doubt that Matthews directly aided and abetted in the murder, it

---

[3]    Lipsey did not check the box indicating that he could not now be convicted of murder.  Because the People and the trial court disregarded this oversight, we do too.

was convinced beyond a reasonable doubt that Matthews was a major participant who acted with reckless disregard for human life.

**DISCUSSION**

I. *Relevant law*

Section 1172.6 provides a mechanism whereby people "who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[] may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973, overruled in part on other grounds in *People v. Lewis* (2021) 11 Cal.5th 952.)

In order to obtain resentencing relief, the petitioner must file a facially sufficient section 1172.6 petition. (§ 1172.6, subds. (a)(1)-(3), (b)(1)(A).) If a petitioner does so, then the trial court proceeds to section 1172.6, subdivision (c), to assess whether the petitioner has made a prima facia showing for relief, thereby meriting an evidentiary hearing. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 957.) When making this determination, "the trial court should assume all facts stated in the [former] section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law . . . . [I]f the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing . . . is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of

6

evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton*, *supra*, at p. 980; see also *People v. Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) In other words, a defendant is ineligible for relief only where the record conclusively shows that the jury actually relied—and the defendant's murder conviction actually rests—upon a theory of liability that is unaffected by section 1172.6.

If the trial court determines that the petitioner has made a prima facie showing of entitlement to relief it must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subd. (c).) At the evidentiary hearing, the parties may rely upon evidence in the record of conviction or new evidence to demonstrate whether the petitioner is eligible for resentencing. (§ 1172.6, subd. (d)(3).) Section 1172.6, subdivision (d)(3), also provides that the trial court may "consider the procedural history of the case recited in any prior appellate opinion." The prosecution bears the burden of proving, "beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) If the prosecution cannot meet its burden, and the petitioner prevails, he is entitled to vacatur of the murder conviction and resentencing as set forth in section 1172.6, subdivision (e).

II. *Defendants are entitled to an order to show cause and evidentiary hearing*

While this appeal was pending, the Supreme Court issued its decision in *Strong, supra,* 13 Cal.5th 698. The *Strong* court held that a true jury finding on a felony-murder special circumstance allegation rendered prior to *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522

(*Clark*) does not preclude, as a matter of law, resentencing relief under section 1172.6.  Our high court also held that courts may not, at the prima facie stage of a section 1172.6 proceeding, independently examine the record and evaluate whether there was sufficient evidence to sustain the special circumstance finding pursuant to the *Banks* and *Clark* factors.  (*Strong, supra,* at p. 710 ["Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437.  This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*"].)

We agree with the parties that pursuant to *Strong, supra,* the trial court's orders must be reversed and the matter remanded to the trial court for it to issue an order to show cause and conduct an evidentiary hearing.  In so holding, "[w]e express no opinion about [defendants'] ultimate entitlement to relief following the hearing. [Citation.]"  (*People v. Drayton, supra,* 47 Cal.App.5th at p. 983.)

8

## DISPOSITION

The orders denying defendants' section 1170.95 petitions are reversed.  The matter is remanded to the trial court to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT

9